# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

**CHOON'S DESIGN INC.**,
a Michigan corporation,

      Plaintiff

v.

Case No.:

**IDEAVILLAGE PRODUCTS CORP.**,
a New Jersey corporation

      Defendant

---

## COMPLAINT & JURY DEMAND

NOW COMES Plaintiff Choon's Design Inc. ("Choon's"), by and through its attorneys, Carlson, Gaskey & Olds, P.C., and for its Complaint against Defendant IdeaVillage Products Corp. ("IdeaVillage" or "Defendant") states as follows. Choon's also wishes to note that it currently has four[1] other pending lawsuits before this Court.

## PARTIES

1. Choon's is a Michigan corporation having its primary place of business at 48813 West Road, Wixom, MI 48393.

---

[1] The pending cases in this Court are: 1) Case No. 13-13568-LJM-RSW; 2) Case No. 14-10848-VAR-DRG; 3) Case No. 14-13242-LVP-MKM; 4) Case No. 14-13666-TGB-MJH.

2. IdeaVillage is a New Jersey corporation with its principal place of business at 155 Route 46 West, Wayne, NJ 07470.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §1331 (federal question), §1332 (diversity), and §1338 (patents).

4. IdeaVillage is subject to personal jurisdiction in this Court. In particular, this Court has personal jurisdiction over IdeaVillage because it has engaged in continuous, systematic and substantial activities within this judicial district, including the marketing and sales of products in this judicial district. Furthermore, upon information and belief, this Court has personal jurisdiction over IdeaVillage in this case because it has committed acts giving rise to Choon's claims within and directed to this judicial district. For instance, IdeaVillage has sold and shipped products to customers located in this judicial district.

5. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) and (c) and 28 U.S.C. §1400(b).

## BACKGROUND

6. In late 2011, Choon's introduced its Rainbow Loom product – a loom designed to be used with rubber bands to form links for making bracelets, necklaces, and even bags and other items – to the market ("the Rainbow Loom").

7. Choon's introduced the Rainbow Loom by selectively placing it in specialty toy and craft stores. Choon's did not initially sell the product to any retail chains—although it does now.

8. Notwithstanding, the Rainbow Loom product was, from the get go, received with great fanfare and accomplished almost immediate and monumental success—even without any relationships with retail chains.

9. In an article dated July 19, 2013 (attached as **Exhibit 1**), one store owner noted "[w]e are selling the Rainbow Loom like crazy!" The article further notes that the Rainbow Loom is "[t]he summer obsession … [and] … is flying off shelves so quickly that stores can't keep them in stock for long," and that the popularity of the Rainbow Loom has "'spread like wildfire throughout the country,' especially with kids 5 to 15."

10. Choon's founder, Cheong Choon Ng, has been featured on the NBC's TODAY show (http://www.today.com/style/new-silly-bandz-rainbow-loom-bracelets-hit-kids-6C10920802) and his amazing success story has been detailed in a number of publications. Copies of a few of the published articles, such as those in The Wall Street Journal, The New York Times, and Crain's Detroit Business are attached as **Exhibit 2**.

11. Undoubtedly, the Rainbow Loom has become a smash hit within the toy industry. Recently, Choon's was awarded the coveted "Toy of the Year" award

at the 14th Annual Toy of the Year Awards held in New York City. Choon's also received awards for "Activity Toy of the Year," "Girl Toy of the Year," and "Specialty Toy of the Year." A press release from the Toy Industry Association is attached as **Exhibit 3**.

12. Since its introduction into the market, Choon's has sold more than seven million Rainbow Looms. Of course, Choon's has also sold large volumes of other complementary products that are used with the Rainbow Loom such as rubber bands and C-clips (which are used to hold the two ends of a necklace or bracelet together).

13. Choon's tremendous success has led to numerous copycats trying to capitalize on Choon's hard work. For instance, after taking note of Choon's great success, Defendant has begun selling their own loom kit, the "Fun Loom" (shown in **Exhibit 4**), which comes with a loom, rubber bands, and clips, among other

14. Choon's owns several U.S. patents that cover its Rainbow Loom. One such patent is U.S. Patent No. 8,936,283, entitled "Brunnian Link Making Device and Kit," which the United States Patent and Trademark Office duly and lawfully issued on January 20, 2015. A true and correct copy of the '283 patent is attached hereto as **Exhibit 5**.

15. The '283 patent names Cheong Choon Ng as inventor.

16. Choon's is the owner by assignment of all right, title and interest in the '283 patent.

17. The '283 patent generally relates to, *inter alia*, a novel method and device for creating a linked item.

18. Defendant's Fun Loom infringes one or more of the claims of Choon's '283 patent.

## COUNT I – DIRECT INFRINGEMENT OF THE '283 PATENT

19. Choon's incorporates and re-alleges Paragraphs 1 through 18 as each were fully set forth herein.

20. The '283 patent remains valid, enforceable and unexpired.

21. Upon information and belief, Defendant is directly infringing and has directly infringed the '283 patent, including, without limitation, by making, using, selling, offering for sale, and/or importing, without license or authority, the Fun Loom which is covered by the '283 patent.

22. The Fun Loom falls within the scope of the claims of the '283 patent, including at least claims 4-17 and 19-20. Upon information and belief, Defendant directly infringes the claims of the '283 patent, including at least claims 4-17 and 19-20.

23. Upon information and belief, Defendant has actual knowledge of the '283 patent and knowledge of their infringement of the '283 patent.

24. Upon information and belief, Defendant's infringement has been and continues to be willful and deliberate.

25. As a result of Defendant's infringement, Choon's will suffer severe and irreparable harm, unless that infringement is enjoined by this Court, and has suffered substantial damages.

## COUNT II – CONTRIBUTORY INFRINGEMENT OF THE '283 PATENT

26. Choon's incorporates and re-alleges Paragraphs 1 through 25 as each were fully set forth herein.

27. The Fun Loom and the use of the Fun Loom fall within the scope of claims 1-20 of the '283 patent.

28. Upon information and belief, with knowledge of the '283 patent, Defendant has contributed to and continues to contribute to the infringement of the '283 patent under 35 U.S.C. § 271(c) by selling, offering to sell and/or importing the Fun Loom for use by their customers. Defendant's customers directly infringe the '283 patent by using the Fun Loom to create linked items from elastic bands.

29. Upon information and belief, the Fun Loom is marketed and sold to customers who use it to create linked items for elastic bands. By following the instructions provided by Defendant, customers who use the Fun Loom directly infringe the '283 patent.

6

30. Upon information and belief, Defendant's Fun Loom has no substantial non-infringing use for at least the reason that the Fun Loom can only be used to directly infringe the '283 patent. In other words, when Defendant's instructions are followed, the Fun Loom is only used in an infringing manner, and is only advertised by Defendant for such an infringing use. See the instructions, which are included in the Fun Loom, attached as **Exhibit 6**.

31. Upon information and belief, the Fun Loom also constitutes a material part of the invention of the '283 patent for at least the reason it is the very product used to practice the invention of the '283 patent.

32. Upon information and belief, Defendant knows that the Fun Loom is especially made or especially adapted for use in an infringement of the '283 patent for at least the reason that the Fun Loom is advertised, sold, and/or offered for sale only to create linked items from elastic bands in a manner covered by the '283 patent.

33. Upon information and belief, Defendant has actual and/or constructive knowledge of the '283 patent and that Defendant's customers' use of the Fun Loom directly infringes the claims of the '283 patent, and in particular the use of the Fun Loom directly infringes at least method claims 1-3 and 18 of the '283 patent.

34. Upon information and belief, at the very least, Defendant was willfully blind as to the existence of the '283 patent, and therefore willfully blinded itself to its customers' direct infringement of the '283 patent resulting from their use of the Fun Loom.

35. As a result of Defendant's contributory infringement, Choon's will suffer severe and irreparable harm, unless the infringement is enjoined by this Court, and has suffered substantial damages.

### COUNT III – INDUCED INFRINGEMENT OF THE '283 PATENT

36. Choon's incorporates and re-alleges Paragraphs 1 through 35 as each were fully set forth herein.

37. Upon information and belief, with knowledge of the '283 patent, Defendant has induced to and continues to induce to the infringement of the '283 patent under 35 U.S.C. § 271(b) by selling, offering to sell and/or importing the Fun Loom for use by its customers. Defendant's customers directly infringe by using the Fun Loom to create linked items.

38. Defendant specifically intended its customers to infringe the method claims (e.g., claims 1-3 and 18) of the '283 patent and knew that its customers' acts constituted infringement. Upon information and belief, despite a high likelihood that its actions would induce its customers' direct infringement of the '283 patent, Defendant marketed and sold the Fun Loom to its customers to

practice the claimed invention. Defendant's customers directly infringe the '283 patent by creating linked articles from elastic bands by following the instructions provided within the Fun Loom (**Exhibit 6**).

39. Upon information and belief, Defendant knew that its customers' actions, when performed, would directly infringe the '283 patent.

40. Upon information and belief, Defendant has not made any changes to the Fun Loom despite its knowledge of the '283 patent.

41. Upon information and belief, Defendant has not made any changes to any of its publically available instructional materials, despite its knowledge of the '283 patent.

42. Upon information and belief, despite having actual knowledge of the '283 patent, Defendant continues to actively induce infringement of the '283 patent by continuing to promote the infringing Fun Loom. Defendant intended its customers to directly infringe the '283 patent, or at the very least, were willfully blind to the fact that its customers' use of the infringing Fun Loom would directly infringe the '283 patent.

43. Upon information and belief, Defendant has actual knowledge of the '283 patent.

44. As a result of Defendant's inducement of infringement, Choon's will suffer severe and irreparable harm, unless that infringement is enjoined by this Court, and has suffered substantial damages.

## PRAYER FOR RELIEF

WHEREFORE, Choon's requests judgment in its favor against Defendant for the following relief:

A. An order adjudging that Defendant has infringed the '283 patent;

B. An order adjudging that Defendant has willfully infringed the '283 patent;

C. A preliminary and permanent injunction enjoining Defendant, its officers, directors, agents, servants, employees, and those persons in active concert or participation with Defendant, from directly or indirectly infringing the '283 patent in violation of 35 U.S.C. § 271;

D. An award of damages adequate to compensate Choon's for Defendant's infringement of the '283 patent;

E. An award of damages adequate to compensate Choon's for infringement including those damages provided for in 35 U.S.C. § 154(d).

F. An order for a trebling of damages and/or exemplary damages because of Defendant's willful infringement pursuant to 35 U.S.C. § 284;

G. An order adjudging that this is an exceptional case;

H. An award to Choon's of its attorney fees and its costs and expenses incurred in connection with this action pursuant to 35 U.S.C. § 285 and as permitted under Choon's other claims;

I. An order requiring Defendant to file with the Court and serve upon Plaintiff, within thirty (30) days after the entry of such order or judgment, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the injunction;

J. An order awarding to Choon's actual damages and an accounting of Defendant's profits, including any statutory enhancements on account of the willful nature of Defendant's acts;

K. An award of prejudgment and post-judgment interest and costs of this action; and

L. Such other and further relief that this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed R. Civ. P. 38(b) and 5(d), Plaintiff demands a trial by jury for all issues so triable.

Dated:  January 20, 2015             CARLSON, GASKEY & OLDS, P.C.

/s/ Brian S. Tobin
Theodore W. Olds, III (P42004)
John M. Siragusa (P62573)
Brian S. Tobin (P67621)
Carlson Gaskey & Olds, P.C.
400 W. Maple, Suite 350
Birmingham, Michigan  48009
Telephone:  (248) 988-8360
Facsimile:  (248) 988-8363
Email: tolds@cgolaw.com
         jsiragusa@cgolaw.com
         btobin@cgolaw.com